BARNES et al. v. WADE, Judge, et al.

No. 5757.   Decided June 10, 1936.   (58 P. [2d] 297.)

*Budge & Parker,* of Salt Lake City, for plaintiffs.

*Joseph Chez,* Atty. Gen., *John D. Rice,* Deputy Atty. Gen., and *Wade M. Johnson,* of Ogden, for defendants.

ELIAS HANSEN, Chief Justice.

Upon their petition supported by their affidavit, plaintiffs have heretofore obtained from this court an alternative writ of prohibition. By the writ so issued, defendant district court was prohibited, until the further order of this court, from further proceeding in the condemnation action pending in the district court of Davis county, Utah, and was required to appear and show cause why the writ should not be made permanent. Within the time fixed by the writ, the defendants appeared and answered the petition. The parties are agreed upon the facts which form the basis of this controversy. They are as follows: The state road commission of Utah, defendant in this proceeding, brought two actions in the district court of Davis county, Utah, to condemn certain lands in that county for the purpose of con-

structing a state highway. One of such actions was brought against Warren D. Barnes and Martha M. Barnes, his wife; the other against Clarence B. Stewart and Marie A. Stewart, his wife, plaintiffs in this proceeding. Upon applications made and notices given, the defendant district judge, over the objections of plaintiffs herein, made and entered an order in each of said actions granting the state road commission of Utah permission to occupy each of the tracts of land so sought to be condemned. No bond was required from the state road commission as a condition precedent to its right to take possession of and construct a road upon the lands sought to be condemned. By this proceeding plaintiffs herein seek to prohibit the defendant district judge from carrying into effect the order of occupancy, and, likewise, to prohibit the defendant state road commission from taking possession of the lands which it seeks to condemn. Plaintiffs claim they are entitled to a permanent writ of prohibition because: (1) The state road commission is without capacity to maintain an action to condemn lands for state road purposes; (2) that the state road commission has no authority to acquire or to take title to land for the purpose of a state highway, or at all, and, therefore, no judgment could legally be entered condemning the lands in question or vesting the title thereto in the commission; (3) that the state road commission has no authority to disburse funds, either for the payment of a right of way for a state highway, or in payment of a judgment for property taken for a state highway, or in payment of a judgment for injury to property not taken by condemnation; (4) that if the state road commission be permitted to commence the construction of the highway on the lands sought to be condemned, plaintiffs will be irreparably injured in that no recourse may be had against the commission for any injury sustained because the right to sue the commission is, by statute, limited to actions upon written contracts; and (5) that if the commission has authority to condemn land for state road purposes, such right may be exercised only upon

the furnishing of a bond as required by R. S. Utah 1933, 104-61-10.

The following are among the powers and duties conferred upon the state road commission of Utah:

"By its name the commission may sue, and it may be sued only on written contracts made by it or under its authority." R. S. Utah 1933, 36-2-1 as amended by Laws Utah 1935, chap. 35, p. 35.

"The commission shall administer the state highways and exercise those powers and duties which relate to the determination and carrying out of the general policy of the state relating thereto. It shall exercise such control over the location, establishment, changing, construction and maintenance of highways as is provided by law." R. S. Utah 1933, 36-2-3.

" * * * Make all contracts for the construction and maintenance of state highways * * * formulate and adopt rules and regulations for the expenditure of public funds for the construction, improvement and maintenance of state highways, and other purposes authorized by law, and for letting contracts for any work which the commission is authorized by law to do. * * * determine what portion or portions of any state highway shall be improved at the expense of the state. * * *

"The county commissioners of the several counties and the state road commission are authorized to secure rights of way for state roads and other property to be used in any manner in connection with construction, maintenance and/or operation of state roads, as provided in chapter 61, title 104." Laws Utah 1933, chap. 28, pp. 42, 43 (amending R. S. 1933, 36-2-4, 36-2-6).

Provision is made in R. S. Utah 1933, 104-61-1, for the exercise of the right of eminent domain for the purpose of establishing public roads. If a plaintiff desires to occupy the premises sought to be condemned pending the action, and such leave is granted,

"the court or judge shall require the plaintiff to execute and file in court a bond to the defendant with sureties to be approved by the court or judge, in a penal sum to be fixed by the court or judge, not less than double the value of the premises sought to be condemned and the damages which will ensue from condemnation, as the same may appear to the court or judge on the hearing, and conditioned to pay

the adjudged value of the premises and all damages in case the property is condemned, and to pay all damages arising from occupation before judgment in case the premises are not condemned, and all costs adjudged to the defendant in the action." R. S. Utah 1933, 104-61-10.

The statute last quoted, however, does not apply,

"In any civil action or proceeding wherein the state is a party plaintiff, or any state officer in his official capacity or on behalf of the state, * * * is a party plaintiff or defendant." In such case "no bond, written undertaking, or security can be required of the state, or any such officer thereof; * * * but on complying with the other provisions of this code, the state, or any state officer acting in his official capacity, * * * has the same rights, remedies * * * as if the bond, undertaking or security were given and approved as required by this code." R. S. Utah 1933, 104-54-18.

Under our statutes funds derived from such sources as the excise tax levied on the sale or use of motor fuels or licenses for the sale or use thereof are available to the state road commission for the payment of its obligations. R. S. Utah 1933 title 57, c. 12, §§ 2, 5 and § 9, as amended by Laws Utah 1933, c. 42. While there are other statutes which remotely bear upon the case in hand, the foregoing are all that are deemed necessary to refer to in disposing of the questions which divide the parties in this controversy.

The powers conferred upon the state road commission by the language, "By its name the commission may sue, and it may be sued only on written contracts made by it or under its authority," are not open to the construction that the commission may sue only on its written contracts. It would be an unwarranted construction of the language just quoted to say the limitation imposed by the words "only on written contracts," limit the power of the commission to sue. It is easy to see why the lawmaking power should wish to limit actions against the commission to actions upon written contracts, but it is difficult to perceive why the commission should be limited to the enforcement of only such rights as are founded upon written contracts.

Moreover, it is reasonably clear that, by the provisions heretofore quoted in this opinion from Laws of Utah 1933, chap. 28, the Legislature intended to confer upon the state road commission the same kind of authority to secure rights of way for state road purposes as had theretofore been possessed by the county commissioners of the various counties. Nor is the language used in the amendment of 1933 conferring upon the state road commission authority "to secure" rights of way for state road purposes susceptible of the construction that such power may not be exercised by condemnation. It is a matter of common knowledge that resort must frequently be had to condemnation proceedings to secure rights of way for road purposes. It is evident that the Legislature had such fact in mind when it provided that the state road commission was authorized to secure rights of way for state roads "as provided in chapter 61, title 104," which chapter and title authorize the condemnation of property for public roads. The contention that plaintiffs will be remediless to recover damages done to their property incident to occupancy for the construction of a road in the event it is not finally condemned, or in the event it is condemned, damages to the property not taken, cannot be maintained. By bringing its action in condemnation, the commission assumes all the liabilities incident to that proceeding. The payment of damages is as much a part of the condemnation proceeding as is the payment for the right of way over the land sought to be condemned. The commission may not escape liability for damages done in the condemnation action upon the ground that it may be sued only on written contracts. When the commission brings an action to condemn a right of way, it is not being sued merely because it is required to pay not only for the land taken, but also for such damages as the landowner may sustain as a result of the condemnation. Any other construction would render the provision under review unconstitutional.

"Private property shall not be taken or damaged for public use without just compensation." Const. Utah, art. 1, § 22.

It will be observed that the statute heretofore quoted in this opinion (R. S. Utah 1933, 104-54-18) provides that the state "or any state officer in his official capacity or on behalf of the state" is exempt from furnishing a bond, written undertaking, or security in any civil action or proceeding. The statute does not expressly mention a commission, yet in this case it appears from the complaint filed in the condemnation action here brought in question that the members of the state road commission are prosecuting the action in their official capacity as the state road commission of Utah.

The state road commission is directed to "administer the state highways and exercise those powers and duties which relate to the determination and carrying out of the general policy of the state relating thereto." R. S. Utah 1933, 36-2-3. The state road commission is entitled to an order of occupancy without furnishing a bond if it has otherwise complied with the law.

We find nothing in the record before us to justify the conclusion that the state road commission is without funds to pay any judgment which may be rendered in the condemnation proceeding, but, on the contrary, provision is made in R. S. Utah 1933, title 57, chap. 12, §§ 2, 5, and 9, as amended by Laws Utah 1933, c. 42, for funds with which to meet the obligations of the state road commission. We cannot assume that the commission is undertaking an obligation without funds to discharge the same. R. S. Utah 1933, 36-1-7, provides that:

"By taking or accepting land for a highway the public acquires only the right of way and incidents necessary to enjoying and maintaining it."

Assuming, without deciding, that plaintiffs are correct in their contention that the state road commission, as such, is not authorized to take in its own name title to land for public roads, still we perceive of no good reason why it may not condemn a right of way for the public. A right of way for road purposes acquired by condem-

nation is not unlike a similar right acquired by dedication or prescription which runs to the public generally without vesting title in any particular body politic. Plaintiffs must fail in their contention that the state road commission may not maintain an action to condemn a right of way for state road purposes because it is not authorized to take title to the lands condemned. Some of the objections urged by plaintiffs in support of their petition for a writ of prohibition do not go to the question of the jurisdiction of the court below, but, having assumed jurisdiction of this cause by issuing an alternative writ of prohibition, we have deemed it advisable to dispose of all the questions raised upon their merits. So considering them, plaintiffs are not entitled to a permanent writ of prohibition.

The alternative writ heretofore issued is recalled and set aside. The petition for a permanent writ of prohibition is denied. Defendants are awarded their costs.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.